IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIKA BARRETO,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-4629 |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| Acting Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | | |

## ORDER

**AND NOW**, this _24th_ day of March, 2016, upon consideration of Plaintiff's Complaint (Doc. 3), Defendant's Answer (Doc. 7), Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. 11), Defendant's Response to Plaintiff's Request for Review (Doc. 12), and the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. 15), **IT IS HEREBY ORDERED AND DECREED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1] and

---

[1] As explained in Judge Heffley's Report and Recommendation, the Administrative Law Judge ("ALJ") failed to explain why she classified Plaintiff's headaches as non-severe in step two of the analysis despite medical evidence to the contrary. On remand, the ALJ must develop the record regarding Plaintiff's headaches and obtain a medical opinion that addresses whether Plaintiff's headaches impose functional limitations that rise to the requisite level of severity. When considering this evidence, the "ALJ may weigh the credibility of the evidence, [and] must give some indication of the evidence which [s]he rejects and [her[ reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). As a result, the newly developed record may affect the ALJ's determination that Plaintiff's testimony regarding her functional limitations was only partially credible.

2. Plaintiff's Request for Review is **GRANTED IN PART**, and the matter is **REMANDED** for further review consistent with the Report and Recommendation.

        **BY THE COURT:**

        /s/ Petrese B. Tucker
        _____
        **Hon. Petrese B. Tucker, C.J.**